IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00345-GPG

JOSE MARTINEZ,

    Plaintiff,

v.

K. NG CHAUMONT, RN,
RYAN WHITE, RN,
R. DUMIYE, RN,
BRENDA HIGMAN (HIGMIN), LPN,
ANDREA JOHNSON, RN,
SHERIFF ROMERO,
SHERIFF STARKS, 510023, and
J. ANGELLO, LPN,

    Defendants.

___

ORDER TO DRAW IN PART AND TO DISMISS IN PART

___

    Plaintiff Jose Martinez is detained at the Denver County Jail in Denver, Colorado. Plaintiff initiated this action by submitting a Letter to the Court that challenges the conditions of his confinement. Magistrate Judge Gordon P. Gallagher entered an Order to Cure Deficiencies on February 15, 2016, and directed Plaintiff to file his claims on a Court-approved form and either to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or to pay the $400 filing fee. Plaintiff complied with the February 15 Order and was granted leave to pursuant to 28 U.S.C. § 1915.

    The Court must construe the Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

1

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Court will dismiss the Complaint in part and order the case drawn in part.

The claims asserted against Defendants K. NG Chaumont, Ryan White, R. Dumiye, and Brenda Higman (Higmin), will be drawn to a presiding judge and if appropriate to a magistrate judge. Defendants Andrea Johnson, Sheriff Romero, Sheriff Starks, and J. Angello will be dismissed for the following reasons.

The Eighth Amendment is violated when prison officials act with deliberate indifference to an inmate's serious medical needs. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious . . . [Second,] a prison official must have a sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotations omitted); *see also Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976) (prison officials may not be deliberately indifferent to the serious medical needs of inmates in their custody). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

A prison official who serves as a gatekeeper for medical personnel capable of treating the condition may be held liable under the deliberate indifference standard if the prison official delays medical treatment or refuses to fulfill that gatekeeper role. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quotations and citation omitted). "A prisoner may satisfy the subjective component by showing that defendants' delay in providing

medical treatment caused either unnecessary pain or a worsening of [the prisoner's] condition." *Id.* at 755.

Plaintiff asserts that, when he complained to Defendant Starks about the pain and swelling in the back of his head, Defendant Starks sent him to medical. ECF No. 5 at 5. Defendant also asserts that Defendant Starks talked to Captain Sands about what could be done for Plaintiff and gave Plaintiff an ice pack for the swelling. *Id.* Plaintiff further asserts that Defendant Romero had him write a kite and then sent him to medical when Plaintiff complained to her about the pain and swelling. *Id.* at 6. The claims Plaintiff asserts fail to state that either Defendant Starks or Defendant Romero delayed Plaintiff receiving medical treatment or failed to fulfill the gatekeeper roll. Plaintiff, therefore, fails to satisfy the subjective component required to assert an Eighth Amendment violation. Defendants Starks and Romero will be dismissed as parties to this action and the claims asserted against them will be dismissed as legally frivolous.

Plaintiff also does not name Sheriff Valapando in the caption of the Complaint, but he does name him in the Parties section of the complaint form. Nonetheless, the only claims Plaintiff asserts against Sheriff Valapando are that on two occasions he sent Plaintiff to medical when Plaintiff complained about the swelling and sharp pain in the back of his head. ECF No. 5 at 4. Because Plaintiff fails to satisfy the subjective component required to assert an Eighth Amendment violation the claims asserted against Defendant Valapando will be dismissed as legally frivolous, and Defendant Valapando will be dismissed as a party to this action.

Furthermore, the only claim that Plaintiff asserts against Defendant Johnson, on Page Six of the Complaint, is that she gave him "Vicoden 5/32 mg Niroton 300 mg, Valtrex

1 mg." ECF No. 5 at 6. Again, Plaintiff fails to satisfy the subject component required to assert an Eighth Amendment violation. The claim asserted against Defendant Johnson will be dismissed as legally frivolous, and she will be dismissed as a party to this action.

Finally, Plaintiff names J. Angello in the caption and in the Parties section of the Complaint, but he fails to assert a claim against Defendant Angello. The Court, therefore, will dismiss Defendant Angello without prejudice. Accordingly, it is

ORDERED that Defendants Sheriff Starks, Sheriff Romero, and Andrea Johnson will be dismissed as parties to the action. The claims asserted against them and Sheriff Valapando will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(b)(i). It is

FURTHER ORDERED that Defendant J. Angello will be dismissed without prejudice. It is

FURTHER ORDERED that the claims asserted against Defendants K. NG Chaumont, Ryan White, R. Dumiye, and Brenda Higman (Higmin) shall be drawn to a presiding judge and if appropriate to a magistrate judge.

DATED at Denver, Colorado, this  30th  day of   March  , 2016.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court