IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 16-cv-00345-CMA-STV

JOSE MARTINEZ,

    Plaintiff,

v.

K. NG CHAUMONT, RN,
RYAN WHITE, RN,
R. DUMIYE, RN, and
BRENDA HIGMAN (HIGMIN), LPN,

    Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION OF OBJECTION FOR CASE CLOSED

---

This matter is before the Court on Plaintiff Jose Martinez's Motion of Objection for Case Closed on July 17, 2017. (Doc. # 118.) On July 17, 2017, the Court granted Defendants' Motion to Summary Judgment (Doc. # 70) upon the Recommendation of United States Magistrate Judge Scott T. Varholak (Doc. # 86). (Doc. # 112.) The Court's July 17, 2017, Order terminated Plaintiff's case. *See* (*id.* at 6.)

In the motion now before the Court, Plaintiff objects to the termination of his case. (Doc. # 118 at 1.) Plaintiff alleges that he attempted to contact the Court to request a new trial date and to inform the Court of his whereabouts as he was transferred between correctional facilities. (*Id.*) He claims that he was unable to do so because correctional officers at the various facilities did not assist him and "pu[t] it on

the next person so they [didn't] have to deal with it." (*Id.* at 2.) Plaintiff requests the Court "to give [him] a trial date with lawyer so [he] can plead his case." (*Id.*) Alternatively, Plaintiff asks "to verbally ask for appeal to higher court [sic]." (*Id.*)

Because Plaintiff proceeds *pro se*, this Court must construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court therefore construes the instant motion as a motion for reconsideration of the Court's July 17, 2017 Order. The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The grounds warranting reconsideration are limited and occur only in "exceptional situation[s]." *Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000). "Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver*, 952 F.2d at 1243.

Plaintiff fails to allege an "exceptional situation," see *Proctor & Gamble*, 222 F.3d at 1271, warranting reconsideration. Plaintiff does not argue "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *See Servants of the Paraclete*, 204 F.3d at 1012. Plaintiff merely reprises an argument the Court previously rejected: that he should have the services of a lawyer and is entitled to a trial. *See* (Doc. ## 36, 44, 79, 112.) Because Plaintiff revisits issues already addressed, his motion for reconsideration is DENIED. *See Van Skiver*, 952 F.2d at 1243.

In regard to Plaintiff's alternative request "to verbally ask for appeal to higher court [sic]," *see* (Doc. # 118 at 2), the Court does not have the authority to grant such a request. Should Plaintiff wish to appeal the Court's final order, the Court directs him to the Federal Rules of Appellate Procedures 3 and 4.

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion of Objection for Case Closed on July 17, 2017 (Doc. # 118) is DENIED.

DATED: December 14, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

3